Opinion by
Hurt, J.
§ 224. Conclusions of fact and law; refusal of trial judge to file, in the record, is reversible error, when. This case involves many questions of law and fact, and the record is voluminous. It was tried by the judge without a jury. At the conclusion of the trial, appellants requested the judge to prepare and file in the record a statement in writing of his conclusions of fact and *173 law, as provided by the statute. The judge failed to comply with this request, assigning as a reason for such failure that there were other cases set for trial at that term of his court, and that he did not have time to prepare said statement. Appellants excepted to his refusal to prepare and file said statement. Held: Article 1333 of the Revised Statutes provides: “And upon a trial by the court, the judge shall, at the request of either of the parties, also state in writing the conclusions of fact found by him, separately from the conclusions of law; which conclusions of fact and law shall be filed with the clerk, and shall constitute a part of the record. ” Either party is expressly given the right to have the conclusions of fact found by the judge, as well as the conclusions of law, stated in writing separately. This must be requested, which, in this case, is most clearly shown to have been done. That other cases had been set for that term, and that but one day of the term remained, certainly should not be permitted to operate a denial to the party of a right given him by the statute. The trial, and all that pertains to the trial of this case, should have been completed, if necessary, to award the parties their full rights, before any other- cause was called. If but one day of the term remained, and it required this day to state in writing the conclusions of fact and law, this should have been done to the’ exclusion of other unreached business. The trial judge, being requested by appellants, and having refused to state in writing his conclusions of fact and law, they were denied a right expressly given by law, for which the judgment must be reversed. Such error, however, will not, in all cases, work a reversal. There may be cases so simple and clear, both as to fact and law, wherein a denial of this right could not possibly injure the party requesting it, and would not therefore be sufficient ground for reversal.
May 31, 1884.
Reversed and remanded.